# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROGER BLOOMQUIST, LOIS JOHNSON, LARRY YATES, GLORIA FLETCHER, JOAN LOVELL, KATHY WISNIEWSKI, LETICIA REMO, PRISCILLA JACKSON, JACKIE DILLON, ANNA LYNN, JAVIER BAUSTISTA, JILL WINGE, JOANNE RAYMOND, VERNON RAYMOND, RITA WINGE, JUANETTE HEMP, PAM WASHINGTON, AURELIUS WASHINGTON, BRENDA BAYSTON, DEBBIE BURRUS, LESTER JONES, BEV KNOX, ROBIN JONES, BRIAN NELSON, VICKIE NELSON, JAMES GENARDO, JOELLEN GRANDPRE, LARRY BOSLEY, DELBERT DAVIS, JAY ROBINSON, TERRY SCHNELL, NAMI ROBERTS, TONI HENNEIKE-BROWN, SANDRA DISMAN, THERSA DORN, BARB KRUIGER, TERRY MCGUIRE, PAULA SIMS, JAYME HIBBS, FRED WEIGT, TROY MENSSEN, BOB GOTT, JUDY STEELE, KENNEDY MALONE, MARILYN HARMS, LAURA BROOKS, MARYANNE TOLIVER, <br><br>Plaintiffs,<br><br>v.<br><br>ZLB BEHRING, LLC,<br><br>Defendant. | No. 06 C 6738<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have sued defendant for its alleged violations of sections 404 and 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1140, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and Illinois law. Defendant has

filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 21 to sever the claims of the forty-six other plaintiffs from those of plaintiff Bloomquist. For the reasons set forth below, the Court grants the motion in part and denies it in part.

## Facts

Plaintiffs were formerly employed by defendant as hourly and salaried workers at its Kankakee, Illinois plant, which manufactures drug-related products. (Compl. ¶¶ 3, 8-9, 13.) The hourly employees were members of Local 498-C of the International Chemical Workers Union Council who worked under a collective bargaining agreement that gave them the right to participate in the company's pension plan. (*Id.* ¶¶ 10-11.) The salaried employees, though not subject to the collective bargaining agreement, were also permitted to participate in the plan. (*Id.* ¶ 12.)

In April 2004, defendant announced that it was going to lay off approximately 500 employees, including plaintiffs, in what it said was a permanent downsizing. (*Id.* ¶ 18.) Defendant urged the affected employees to terminate their employment permanently and sign releases to receive severance pay, which each of the plaintiffs did. (*Id.* ¶¶ 19-23.)

Subsequently, defendant entered into a new collective bargaining agreement with Local 498-C, which eliminated the hourly employees' right to participate in the pension plan. (*Id.* ¶ 28.) At about the same time, defendant eliminated the salaried employees' participation in the plan as well. (*Id.* ¶ 29.)

Defendant did not, however, cut production at the Kankakee plant as it had said it would. (*Id.* ¶ 30.) Rather, defendant increased production and, by April 2005, had hired 178 new, and younger, employees who had no right to participate in the pension plan. (*Id.* ¶¶ 31-33.)

Plaintiffs allege that defendant's actions violated their rights under ERISA and the ADEA, constituted fraud and provide grounds for rescission of the releases plaintiffs were induced to sign.

Defendant, contending that the plaintiffs are misjoined, asks the Court to sever the claims of plaintiff Bloomquist from those of the forty-six other plaintiffs.[1]

## Discussion

Rule 21 authorizes the court to sever any misjoined party at any stage of a lawsuit. Fed. R. Civ. P. 21; *see Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) ("Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants." (quotation omitted)). Parties are properly joined as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). Rule 20(a) does not define transaction or occurrence, but courts generally view "[a]ll logically related events entitling a person to institute a legal action against another ... as comprising [one] transaction or occurrence." *Barner v. City of Harvey*, No. 95 C 3316, 2003 WL 1720027, at *3 (N.D. Ill. Mar. 31, 2003) (quotation omitted).

Plaintiffs claim that defendant violated section 404 of ERISA, which prohibits plan fiduciaries from violating their duties to plan participants, and committed fraud when it induced them to quit by telling them the reduction-in-force ("RIF") would be permanent. Defendant contends that these claims do not arise from the same occurrence because different plaintiffs heard about the downsizing at different group or individual meetings. (*See* Def.'s Mot. Sever, Ex. B, Powell Decl. ¶ 14.) Thus, defendant says, each plaintiff's claim will require individual proof of what he or she was told and by whom.

---

[1] Though they had the opportunity to do so, plaintiffs did not file a response to defendant's motion.

The Court disagrees. Plaintiffs allege that they each terminated their employment and signed releases because defendant's plant manager, Tim Moore, and human resources representative, James Callahan, told them, falsely, that the RIF would be permanent. (*See* Compl. ¶¶ 19-23.) Defendant does not deny that Moore and Callahan made those statements or assert that they made the statements to some plaintiffs but not others. Rather, defendant says that the statements were true. (*See* Def.'s Mot. Sever, Ex. B, Powell Decl. ¶¶ 7, 13, 30 (stating that defendant had 976 employees in April 2004, before the RIF, hired ninety-six employees after the RIF, and had a total of 554 employees as of April 30, 2006).) Because defendant does not deny that Moore and Callahan told plaintiffs the downsizing would be permanent, the fact that they made those statements to different groups of plaintiffs at different meetings does not transform their uniform message into separate transactions for joinder purposes.

Moreover, the veracity of the statements is a fact question common to all of these claims. Thus, plaintiffs satisfy the second requirement for permissive joinder, that their claims share a common question of fact or law, for the fraud and section 404 ERISA claims as well.

The situation is different for plaintiffs' section 510 ERISA claims. That section of the statute prohibits defendant from "discharg[ing] . . . [any plan] participant . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. Plaintiffs allege that defendant "carried out a scheme to tenninate [sic] plaintiffs' employment so as to stop or cap or eliminate the continued accrual of pension service credit by the employees of the Kankakee plant." (Compl. ¶ 42.) That may have been defendant's overarching goal but, if so, defendant engaged in more than one transaction to achieve it.

Union employees were selected for layoff according to seniority and the terms of agreements defendant bargained with Local 498-C. (*See* Def.'s Mot. Sever, Ex. B, Powell Decl. ¶¶ 8, 15-18.) Non-union employees were selected for layoff according to skills and behavior scores calculated by

4

one of nineteen different managers. (*Id.* ¶ 21.) According to the complaint, some plaintiffs were union employees and others were not. (*See* Compl. ¶¶ 3, 8-13.) But the complaint does not identify which plaintiffs fall into which category or, with respect to the non-union employees, which managers or managers made the termination decisions. Thus, the contested terminations arise from at least two separate transactions – termination of union employees and termination of non-union employees – and may have arisen from as many as twenty separate transactions – termination of union employees and termination of non-union employees by nineteen different managers. In either case, plaintiffs' section 510 ERISA claims do not satisfy the same transaction requirement of Rule 20(a).

The same is true for plaintiffs' ADEA claims. Some courts have said that an allegation of a common discriminatory practice is sufficient to satisfy the Rule. *See, e.g., Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1331, 1333 (8th Cir. 1974) (claims that defendant had "discriminat[ed] against Negroes as regards promotions, terms and conditions of employment . . . [by] failing to hire Negro employees as a class on the basis of race . . . [and] discharging Negro employees on the basis of race" held to "arise[] out of the same series of transactions or occurrences" for joinder under Rule 20(a) (quotations omitted)); *King v Ralston Purina Co.*, 97 F.R.D. 477, 480 (W.D.N.C. 1983) (allegations of pattern and practice of unlawful age discrimination held sufficient to satisfy Rule 20(a) even though plaintiffs worked in different places and for different divisions of the company). But plaintiffs do not allege that they were subjected to such a practice, *i.e.*, that they were all rejected for post-RIF employment because of their age. Rather, they allege that they were rejected for employment and the people defendant hired in their stead "are younger as a group than [plaintiffs]." (Compl. ¶ 33.) In other words, plaintiffs contend that defendant made individual hiring decisions that had a discriminatory impact on its workforce, not that it applied a single discriminatory hiring

5

policy to all victims of the RIF. Because plaintiffs have not alleged that their ADEA claims arise from the same transaction or occurrence, they are not properly joined under Rule 20(a).[2]

Even if the section 404 ERISA and fraud claims meet the requirements of Rule 20(a), defendant says they should still be severed because allowing them to proceed in one action would cause hopeless confusion. *See Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 545 (N.D. Ill. 1998) (stating that claims can be severed under Rule 21 "to avoid undue prejudice to defendants"). No fact finder, defendant says, can be expected to "keep track of what each individual employee was told before the [RIF] and how each individual relied on such statements." (Def.'s Mot. Sever at 9.) As noted above, however, at this point defendants do not deny that Moore and Callahan told plaintiffs the RIF would be permanent. Nor do they deny, or offer evidence that refutes, plaintiffs' allegations that they resigned because of those statements. Unless and until such facts are presented to the Court, any risk of confusion is only theoretical.

The last question is: What to do with the section 510 ERISA and ADEA claims that are improperly joined? As the Seventh Circuit has said, the Court is "duty-bound" to prevent misjoinder from "lead[ing] to a dismissal with statute of limitations consequences." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Thus, the Court must allow the severed claims "to continue as . . . separate suit[s] so that [they will] not be time-barred. *Id.* Accordingly, the Court will give plaintiffs a reasonable opportunity to file separate actions on the severed claims. If plaintiffs forego that opportunity, the misjoined claims will be dismissed.

---

[2]Plaintiff's failure to allege that they were rejected because of their age and exhausted their administrative remedies also casts doubt on the viability of these ADEA claims, but that issue is not currently before the Court.

## Conclusion

For the reasons set forth above, defendant's motion to sever [doc. no. 14] is granted in part and denied in part. The motion is granted as to the section 510 ERISA and ADEA claims but denied as to the section 404 ERISA and fraud claims. Plaintiffs have twenty-one days from the date of this Memorandum Opinion and Order to file an amended complaint in this suit that comports with this Order, and separate suits on the severed claims. If plaintiffs fail to do so within that time period, their section 510 ERISA and ADEA claims will be dismissed. Defendant's request for consolidation of the severed claims for pretrial purposes is stricken as premature.

**SO ORDERED.**                                      **ENTERED:** 9/28/07

**HON. RONALD A. GUZMAN**
**United States District Judge**